United States District Court
Southern District of New York                      7:20-cv-02933-NSR

Valerie    Santiful,   Tameka    Rhoden,
individually  and  on  behalf  of  all  others
similarly situated,

                              Plaintiffs,

            - against -                                Second Amended
                                                       Class Action Complaint
Wegmans Food Markets, Inc.,

                              Defendant

        Plaintiffs  by  attorneys  alleges  upon  information  and  belief,  except  for  allegations

pertaining to plaintiffs, which are based on personal knowledge:

        1.      Wegmans  Food  Markets,  Inc.  ("defendant")  manufactures,  distributes,  markets,

labels and sells cake mix purporting to be flavored with "Vanilla" that is "Naturally Flavored"

under the Wegmans brand ("Product").

        2.      The relevant label representations include "Vanilla," "Naturally Flavored," "Rich &

Indulgent,"  "Food  You  Feel  Good  About,"  pictures  of  blueberry  and  a  strawberry,  and  "No

Artificial Colors, Flavors or Preservatives."[1]

---

[1] The "No Artificial Colors…" claim will be referred to as "No Artificial Flavors."



3.    Contrary to the front label representations the Product is not "Naturally Flavored" and contains artificial flavors.

4.    Laboratory analysis reveals the Product contains ethyl vanillin, at 3.07 PPM.

| MS Scan # | Area Integration | Peak Assignment | Conc. PPB w/w |
|---|---|---|---|
| 795 | 9314 | butyric acid | 0.45 |
| 812 | 252037 | hexanal | 12.25 |
| 859 | 23336 | furfural | 1.13 |
| 901 | 112743 | hexyl alcohol | 5.48 |
| 929 | 9211 | 2-heptanone | 0.45 |
| 945 | 15350 | heptanal | 0.75 |
| 998 | 5493 | alpha-pinene | 0.27 |
| 1017 | 108346 | hexanoic acid | 5.27 |
| 1025 | 9845 | heptyl alcohol | 0.48 |
| 1034 | 65046 | benzaldehyde | 3.16 |
| 1044 | 10831 | 6-methyl-5-hepten-2-one | 0.53 |
| 1053 | 33565 | 2-pentyl furan + trace of dimethyl trisulfide | 1.63 |
| 1066 | 20056 | octanal | 0.97 |
| 1170 | 63876 | guaiacol | 3.11 |
| 1178 | 204797 | nonanal | 9.96 |
| 1197 | 23521 | maltol | 1.14 |
| 1231 | 183540 | octanoic acid + benzoic acid | 8.92 |
| 1238 | 98656 | trans-2-nonenal | 4.80 |
| 1276 | 30412 | 4-terpineol | 1.48 |
| 1282 | 69477 | decanal | 3.38 |
| 1292 | 4114158 | naphthalene-d8 (internal standard) | 200.00 |
| 1323 | 49450 | nonanoic acid | 2.40 |
| 1371 | 9726 | 2,4-decadienal | 0.47 |
| 1389 | 56366 | glyceryl triacetate (Triacetin) | 2.74 |
| 1395 | 29274 | 2,4-decadienal | 1.42 |
| 1409 | 651914 | butyl butyrolactate | 31.69 |
| 1415 | 32938 | decanoic acid | 1.60 |
| 1435 | 189808 | piperonal | 9.23 |
| 1479 | 4648073 | vanillin | 225.96 |
| 1504 | 66365 | geranyl acetone | 3.23 |
| 1525 | 63172 | ethyl vanillin | 3.07 |
| 1559 | 240640 | butylated hydroxy toluene (BHT antioxidant) | 11.70 |
| 1578 | 39991 | myristicin | 1.94 |
| 1771 | 281540 | ethyl myristate | 13.69 |
| 1821 | 56257 | 6,10,14-trimethyl-2-pentadecanone | 2.73 |
| 1896 | 35675 | methyl palmitate | 1.73 |
| 1968 | 1111227 | ethyl palmitate | 54.02 |
| 2215 | 672851 | ethyl linoleate | 32.71 |
| 2222 | 573475 | ethyl oleate | 27.88 |
| 2259 | 14192 | ethyl stearate | 0.69 |
| | | **Total Out-Gas Products @100C/30 Min. (excluding internal standards)** | **494.51** |

5.    Defendant has unlawfully, fraudulently, unfairly, misleadingly, and/or deceptively represented that the Product is "Naturally Flavored" and contains "No Artificial Flavors…" when these statements are false, because it contains the artificial flavor of ethyl vanillin.

I.    Consumer Preference for Natural Flavors

6.    The words "natural" and "artificial" evoke strong reactions around food choices.

7.    According to the Wall Street Journal, "As consumer concern rises over artificial

3

ingredients, more food companies are reconstructing recipes" to remove artificial flavors.[2]

8.   According to Paul Manning, chairman, chief executive officer and president of Sensient Technologies, "Consumer desire for naturally flavored products is an emerging trend and one that may have staying power."[3]

9.   The trade journal, Perfumer & Flavorist, described "The Future of Artificial Flavors & Ingredients" as bleak, given consumer opposition to these synthetic ingredients.[4]

10.   Explanations for why consumers prefer foods containing natural, instead of artificial ingredients, are varied.

11.   One scholar theorized "the preference for natural products appeals to a moral ideology and offers a moral satisfaction."[5]

II.   Consumers Avoid Artificial Flavors

12.   Consumers seek to avoid artificial flavors for health and nutrition purposes, because they are highly processed with chemical additives in laboratories.

13.   Mintel announced that consumer avoidance of artificial flavors is just as strong as their desire for natural flavors, in its Report, "Artificial: Public Enemy No. 1."

14.   Many Americans believe that products are healthier when artificial ingredients are removed, even in "unhealthy" categories such as snacks, cake mix, and frozen pizza.

15.   According to Nielsen, the absence of artificial flavors is very important for over 40% of respondents to their Global Health & Wellness Survey.

16.   About half of Americans say they seek out natural flavors at least some of the time.

---

[2] Lauren Manning, How Big Food Is Using Natural Flavors to Win Consumer Favor, Wall Street Journal.
[3] Keith Nunes, Using natural ingredients to create authentic, fresh flavors, Food Business News, Sept. 20, 2018.
[4] Jim Kavanaugh, The Future of Artificial Flavors & Ingredients, Perfumer & Flavorist, June 12, 2017.
[5] Rozin, P., Spranca, M., Krieger, Z., Neuhaus, R., Surillo, D., Swerdlin, A., & Wood, K. (2004). Preference for natural: Instrumental and ideational/moral motivations, and the contrast between foods and medicines. Appetite, 43(2), 147–154. doi:10.1016/j.appet.2004.03.005.

17.    In contrast, artificial flavors were sought out by only about one in 10 consumers, with approximately half saying they avoid each of them at least some of the time.

18.    A recent survey reported that over 82% of US respondents believe that foods with artificial flavors are less healthy than those promoted as containing natural flavors and/or not containing artificial flavors.

19.    Nielsen reported that 62% of consumers say they try to avoid artificial flavors.

20.    New Hope Network concluded that 71% of consumers today are avoiding artificial flavors.

21.    Label Insight determined that 76% of consumers avoid artificial flavors.

22.    According to Consumers Union, over 80% of consumers expect that the word "natural" on a food label means that a processed food does not contain any artificial ingredients.

23.    A recent survey shows more than three in four people worldwide are convinced that artificial flavors have no place on their ingredient lists.[6]

III.    Ethyl Vanillin is Never a Natural Flavor

24.    Vanillin is a molecule that comes from vanilla beans but can also be created by other processes.

25.    Vanillin can be derived from natural, non-vanilla sources, and created through supposedly natural processes.

26.    Ethyl vanillin was discovered by adding one carbon atom to a vanillin molecule, creating a closely related compound, 3-ethoxy-4-hydroxy-benzaldehyde.[7]

27.    According to Fenaroli's Handbook of Flavor Ingredients, ethyl vanillin is not found

---

[6] What 'Natural' Really Means to Consumers GNT Group's Guide to Global Consumer Demands attests importance of natural colors for future-proof products, July 13, 2017.
[7] https://mcnessstore.com/inside-vanilla

in nature but is prepared synthetically from safrole.[8]

28.    In *Lignin Separation and Fractionation by Ultrafiltration*, the authors recognized there are two types of vanillin, "depending on the alkoxy substituent, 3-methoxy-4-hydroxybenzaldehyde and 3-ethoxy-4-hydroxybenzaldehyde."[9]

29.    The "second type, ethyl vanillin, [which] is exclusively synthetic, presents a stronger vanilla flavor."[10]

30.    That ethyl vanillin is not a "natural flavor" is the universal conclusion of all scientists who have analyzed this issue, including Michael Sabisch and David Smith, who wrote, "there is the molecule ethyl vanillin that is not found in nature and is typically produced using synthetic chemistry."[11]

31.    The flavor chemist, Gary Reineccius, described ethyl vanillin as "a synthetic molecule, not found in nature," "prepared via several steps from catechol, beginning with ethylation to give 'guethol.'"[12]

32.    The guethol ether "condenses with glyoxylic acid to give the corresponding mandelic acid derivative, which via oxidation and decarboxylation gives ethyl vanillin."[13]

33.    According to the trade group for the flavor industry, FEMA, "Ethyl vanillin has not been identified in vanilla beans or otherwise in nature and is produced by synthesis methods that do not meet the FDA definition of "natural flavor."[14]

---

[8] Ethyl Vanillin," in Fenaroli's Handbook of Flavor Ingredients. CRC press, 2016, Ed. George A. Burdock.
[9] Fernández-Rodríguez, J., Erdocia, X., Hernández-Ramos, F., Alriols, M. G., & Labidi, J. (2019). Lignin separation and fractionation by ultrafiltration. In Separation of functional molecules in food by membrane technology (pp. 229-265). Academic Press.
[10] *Id.*
[11] The Complex Regulatory Landscape for Natural Flavor Ingredients, Sigma Aldrich.
[12] Flavor chemistry and technology. CRC Press, 2005., Flavoring Materials, Ch. 8, 249 Ethyl Vanillin.
[13] *Id.*
[14] John B. Hallagan and Joanna Drake, FEMA, "Labeling Vanilla Flavorings and Vanilla-Flavored Foods in the U.S.," Perfumer & Flavorist, Vol. 43 at p. 46, Apr. 25, 2018 ("Hallagan & Drake");

34.    In an article for Natural Products Insider, a food scientist stated, "Ethyl vanillin is a chemically processed flavor made from the coal-tar derivative, guaiacol."[15]

35.    Ethyl Vanillin is a chemically synthesized flavoring agent related to vanillin or artificial vanilla. This product is three times as strong as artificial vanillin and acts as an imitation vanilla.

36.    The FDA classifies ethyl vanillin as an "Synthetic flavoring substances and adjuvants." 21 C.F.R. § 182.60.

37.    The FDA has never recognized a "nature-identical" version of ethyl vanillin, and no credible scientists have ever proven this flavor could be created from natural sources or through natural processes.

IV.    Ingredient List Fails to Disclose Artificial Flavor

38.    Defendant's ingredient list fails to clarify the misleading front label representations that the Product is "Naturally Flavored" and does not contain "Artificial Flavors," because it lists "Natural Flavor" and omits "Artificial Flavor."



**Ingredients:** Sugar, Rice Flour, Potato Starch, Tapioca Starch, Corn Flour, Baking Powder (Sodium Acid Pyrophosphate, Baking Soda, Cornstarch, Monocalcium Phosphate), Natural Flavor, Sea Salt,

---

[15] Lisa Kobs, The Sweet Taste of Success, Natural Products Insider, Aug 1, 1998.

Guar Gum, Xanthan Gum, Soy Flour.

39.   "Natural Flavor" is defined as:

[T]he essential oil, oleoresin, essence or extractive, protein hydrolysate, distillate, or any product of roasting, heating or enzymolysis, which contains the flavoring constituents derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, seafood, poultry, eggs, dairy products, or fermentation products thereof, whose significant function in food is flavoring rather than nutritional. Natural flavors include the natural essence or extractives obtained from plants listed in §§ 182.10, 182.20, 182.40, and 182.50 and part 184 of this chapter, and the substances listed in § 172.510 of this chapter.

21 C.F.R. § 101.22(a)(3).

40.   "Artificial Flavor" is defined as:

[A]ny substance, the function of which is to impart flavor, which is not derived from a spice, fruit or fruit juice, vegetable or vegetable juice, edible yeast, herb, bark, bud, root, leaf or similar plant material, meat, fish, poultry, eggs, dairy products, or fermentation products thereof. Artificial flavor includes the substances listed in §§ 172.515(b) and 182.60 of this chapter except where these are derived from natural sources.

21 C.F.R. § 101.22(a)(1).

41.   The Product contains ethyl vanillin, which is an artificial flavor pursuant to 21 C.F.R. § 101.22(a)(1).

42.   Therefore, Defendant is required to list "Artificial Flavor" on the ingredient list, in addition to "Natural Flavor."

43.   Nevertheless, lab testing reveals that the Product contains ethyl vanillin, likely as part of the "Natural Flavor."

44.   It is misleading to describe a food as "naturally flavored" where it contains artificial flavors, because consumers will understand this to mean its flavor comes from either natural ingredient sources or was made in a natural process.

45.   For ethyl vanillin, there is no credible or recognized method to derive this flavor from

natural sources or through natural processes.

46.    Defendant labels the Product as "Naturally Flavored" because consumers perceive the Product as healthier, better, and more wholesome.

47.    The front label statement of "Vanilla – Naturally Flavored" is misleading because even if the Product contained some vanilla, its taste is mainly from added vanillin.

48.    The Product's front label statement of "No Artificial Flavors" is misleading and false, based on the presence of ethyl vanillin.

49.    The Product's front label statement of "Naturally Flavored" is misleading and false, based on the presence of ethyl vanillin.

50.    The Product is required to state, "Artificially Flavored," because it contains ethyl vanillin, an artificial flavor, "which simulates, resembles or reinforces the characterizing flavor." 21 C.F.R. § 101.22(i)(2).

51.    Defendant knows consumers will pay more for the Product because the front label states "vanilla – naturally flavored" instead of "artificially flavored," and promises of "No Artificial Flavors."

52.    Defendant's omission and failure to disclose these facts is deceptive and misleading to consumers who want a food with only natural flavors and avoid artificial flavors.

53.    Defendant's branding and packaging of the Product is designed to – and does – deceive, mislead, and defraud plaintiffs and consumers.

54.    Defendant sold more of the Product and at higher prices than it would have in the absence of this misconduct, resulting in additional profits at the expense of consumers.

55.    The value of the Product that plaintiffs purchased and consumed was materially less than its value as represented by defendant.

56.     Had plaintiffs and class members known the truth, they would not have bought the Product or would have paid less for them.

57.     As a result of the false and misleading labeling, the Product is sold at a premium price, approximately no less than $2.89 per 14 OZ compared to other similar products represented in a non-misleading way, and higher than the price of the Product if it were represented in a non-misleading way.

Jurisdiction and Venue

58.     Jurisdiction is proper pursuant to Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2)

59.     Under CAFA, district courts have "original federal jurisdiction over class actions involving (1) an aggregate amount in controversy of at least $5,000,000; and (2) minimal diversity.

60.     Plaintiff Valerie Santiful is a citizen of Virginia.

61.     Defendant Wegmans Food Markets, Inc. is a New York corporation with a principal place of business in Rochester, Monroe County, New York and is a citizen of New York.

62.     "Minimal diversity" exists because plaintiff Santiful and defendant are citizens of different states.

63.     Upon information and belief, sales of the Product in the States Plaintiffs seek to represent exceed $5 million during the applicable statutes of limitations, exclusive of interest and costs.

64.     Venue is proper in this District because Plaintiff Rhoden resides in this District and a substantial part of the events or omissions giving rise to the claim occurred here.

65.     Defendant has a store in this District and is therefore subject to jurisdiction in this District.

66.     Venue is further supported because many class members reside in this District.

Parties

67.     Plaintiff Valerie Santiful is a citizen of Chesapeake, Norfolk City County, Virginia.

68.     Plaintiff Tameka Rhoden is a citizen of Pleasant Valley, Dutchess County, New York.

69.     Defendant Wegmans Food Markets, Inc. is a New York corporation with a principal place of business in Rochester, New York, Monroe County.

70.     The Product is sold in boxes of 14 OZ to consumers from defendant's one hundred plus retail stores in at least eight states including New York, Massachusetts, Pennsylvania, Virginia and New Jersey.

71.     During the relevant statutes of limitations for each cause of action alleged, plaintiffs purchased the Product within their district and/or State for personal and household consumption and/or use in reliance on the representations of the Product.

72.     Plaintiff Santiful purchased the Product on more than one occasion, including on or around December 15, 2019, at defendant's store, 4721 Virginia Beach Blvd, Virginia Beach, VA 23462.

73.     Plaintiff Rhoden purchased the Product on more than one occasion, including in November 2019, at defendant's store, 100 Farm View, Montvale, NJ 07645.

74.     Plaintiffs bought the Product at or exceeding the above-referenced price because they wanted to consume a cake mix without artificial flavors and only was flavored with natural flavors.

75.     Plaintiffs bought the Product at or exceeding the above-referenced price because they wanted a cake mix that only contained natural flavors and did not have artificial flavors.

76.     Plaintiffs were deceived by and relied upon the Product's deceptive labeling.

77.     Plaintiffs would not have purchased the Product in the absence of Defendant's

11

misrepresentations and omissions.

78.    The Product was worth less than what Plaintiffs paid for it and they would not have paid as much absent Defendant's false and misleading statements and omissions.

79.    Plaintiffs intend to, seek to, and will purchase the Product again when they can do so with the assurance that Product's labels are consistent with the Product's components.

<u>Class Allegations</u>

80.    The class will consist of all purchasers of the Product who reside in New York, Virginia and New Jersey during the applicable statutes of limitations.

81.    Plaintiffs seeks class-wide injunctive relief based on Rule 23 in addition to a monetary relief class.

82.    Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiffs and class members are entitled to damages.

83.    Plaintiffs' claims and basis for relief are typical to other members because all were subjected to the same unfair and deceptive representations and actions.

84.    Plaintiffs are adequate representative because their interests do not conflict with other members.

85.    No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

86.    Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

87.    Plaintiffs' counsel is competent and experienced in complex class action litigation and intends to protect class members' interests adequately and fairly.

88.     Plaintiffs seek class-wide injunctive relief because the practices continue.

<u>New York General Business Law ("GBL") §§ 349 & 350</u>
<u>(Consumer Protection Statutes)</u>

89.     Plaintiffs incorporate by reference all preceding paragraphs.

90.     Plaintiffs and class members desired to purchase and consume products which were as described and marketed by defendant and expected by reasonable consumers, given the product type.

91.     Defendant's acts and omissions are not unique to the parties and have a broader impact on the public.

92.     Defendant misrepresented the substantive, quantitative, qualitative, compositional and/or organoleptic attributes of the Product.

93.     Despite the claim it does not have artificial flavors and was naturally flavored, the Product contains ethyl vanillin, an artificial flavor.

94.     Plaintiffs expected the Product to not contain artificial flavor and only get its taste from natural flavors, because that is what the label said.

95.     Plaintiffs relied on the statements, omissions and representations of defendant, and defendant knew or should have known the falsity of same.

96.     Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Negligent Misrepresentation</u>

97.     Plaintiffs incorporate by reference all preceding paragraphs.

98.     Defendant misrepresented the substantive, quantitative, qualitative, compositional and/or organoleptic attributes of the Product.

99.     Defendant represented the Product as "naturally flavored" and without artificial

flavors, when these statements were false.

100.  Plaintiffs expected only natural flavoring ingredients and did not expect artificial flavor in the form of ethyl vanillin.

101.  Plaintiffs did not expect added ethyl vanillin.

102.  Defendant had a duty to disclose the added ethyl vanillin.

103.  This duty is based on defendant's position as an entity which has held itself out as having special knowledge and experience in the production, service and sale of this product type.

104.  The representations took advantage of consumers' cognitive shortcuts made at the point-of-sale and their trust in defendant, a well-known and respected brand or entity in this sector.

105.  Plaintiffs and class members reasonably and justifiably relied on these negligent misrepresentations and omissions, which served to induce and did induce, the purchase of the Product.

106.  Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Breaches of Express Warranty, Implied Warranty of Merchantability
and Fitness for a Particular Purpose and Magnuson
Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.</u>

107.  Plaintiffs incorporate by reference all preceding paragraphs.

108.  The Product was manufactured, labeled and sold by defendant or at its express directions and instructions, and warranted to plaintiffs and class members that they possessed substantive, quality, organoleptic, and/or compositional attributes it did not.

109.  Defendant represented the Product as "naturally flavored" and without artificial flavors, when these statements were false.

110.  Plaintiffs expected only natural flavoring ingredients and did not expect artificial flavor in the form of ethyl vanillin.

111.   Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

112.   This duty is based, in part, on defendant's position as one of the most admired grocery stores in the nation.

113.   Plaintiffs provided or will provide notice to defendant, its agents, representatives, and their employees.

114.   Defendant received notice and should have been aware of these misrepresentations due to numerous complaints by consumers to its main office over the past several years regarding the Product, of the type described here.

115.   The Product did not conform to its affirmations of fact and promises due to defendant's actions and were not merchantable because plaintiffs expected a product that contained enough vanilla relative to any other flavorings in the Product to taste like vanilla.

116.   Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Fraud</u>

117.   Plaintiffs incorporate by reference all preceding paragraphs.

118.   Defendant misrepresented the substantive, quality, compositional and/or organoleptic attributes of the Product.

119.   Defendant represented the Product as "naturally flavored" and without artificial flavors, when these statements were false.

120.   Plaintiffs expected only natural flavoring ingredients and did not expect artificial flavor in the form of ethyl vanillin.

121.   Defendant's fraudulent intent is evinced by its failure to accurately identify the

Product on the front label and ingredient list, when it knew its statements were neither true nor accurate and misled consumers.

122.   Plaintiffs and class members would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

<u>Unjust Enrichment</u>

123.   Plaintiffs incorporate by reference all preceding paragraphs.

124.   Defendant obtained benefits and monies because the Product was not as represented and expected, to the detriment and impoverishment of plaintiffs and class members, who seek restitution and disgorgement of inequitably obtained profits.

<u>Jury Demand and Prayer for Relief</u>

Plaintiffs demand a jury trial on all issues.

   **WHEREFORE**, Plaintiffs pray for judgment:

1. Declaring this a proper class action, certifying plaintiffs as representatives and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct the challenged practices to comply with the law;

3. Injunctive relief to remove, correct and/or refrain from the challenged practices and representations, and restitution and disgorgement for members of the class pursuant to the applicable laws;

4. Awarding monetary damages and interest pursuant to the common law and other statutory claims;

5. Awarding costs and expenses, including reasonable fees for plaintiffs' attorneys and experts; and

6.  Other and further relief as the Court deems just and proper.

Dated:    February 28, 2022

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan

Spencer Sheehan
60 Cuttermill Rd Ste 412
Great Neck NY 11021-3104
Tel: (516) 268-7080
Fax: (516) 234-7800
*spencer@spencersheehan.com*
S.D.N.Y. # SS-2056